IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| WYNDHAM VACATION RESORTS, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 3:09cv00899 ) |
| TOA, LLC d/b/a THE OWNERS' ADVOCATE, DAVID HUMPHREY a.k.a. SCOTT DAVIDSON, KURT W. BARTLETT and KAY METKO, | ) Judge Haynes ) ) ) ) ) ) |
| Defendants. | ) ) |

## DEFENDANTS' JOINT PRE-HEARING MEMORANDUM

Come all Defendants, by and through their counsel of record, and for their Joint Pre-Hearing Memorandum, state that:

## INTRODUCTION

The purpose of this hearing is for the Court to determine whether it should continue to enjoin the Defendants from having any contact with Wyndham's customers. Respectfully, the undisputed proof from the two prior hearings, as well as the proof that Defendants anticipate being presented at this hearing, will demonstrate that the injunction should not continue.

Specifically, the proof is, and will be, that, contrary to Wyndham's contention, the Defendants do not utilize any of Wyndham's proprietary and confidential information and/or trade secrets ("trade secrets") to obtain clients. To the contrary, all of the clients initiate contact with Defendants after reviewing the information on the website maintained by Defendant, The Owner's Advocate ("TOA").

## UNDISPUTED EVIDENCE FROM THE PAST HEARINGS

The undisputed proof in the first hearing, conducted on October 9, 2007, failed to prove that the Defendants are misappropriating any of Wyndham's trade secrets, and affirmatively demonstrates that Defendant TOA and Defendant Humphreys are not utilizing any ill-gotten client information for their own benefit. Specifically, the proof at that hearing was that:

1. Wyndham considers its marketing and sales methods to be confidential and proprietary information. (Prosise, Oct. 9, 2009, attached as **Exhibit 1**, at 7).

2. The only training Humphrey received from Wyndham was:

> [J]ust regular sales training. How to sell their product. You know, basically the vacation ownership, everything that's in the booklet that's available to the general public or anyone who buys that timeshare, I was told to read that book and know what was available as far as the product goes.

(Humphrey, Oct. 9, 2009, attached as **Exhibit 2**, at 30).

3. Wyndham has contracts with approximately 850,000 individuals that it refers to as "Owners." (Prosise, Oct. 9, 2009, at 8). Wyndham considers information regarding its owners to be confidential information. (Id. at 8-9).

4. In his role as former Wyndham salesperson, Defendant Humphrey had access to a limited number of Wyndham's Owners" by Wyndham with Wyndham. (Prosise, Oct. 9, 2009, at 8). Specifically, Defendant Humphrey possessed information regarding the approximately 65 individuals to whom he sold timeshares. (Id. at 29, 35).

5. No Wyndham witness testified that Humphrey or any other Defendant has access to Wyndam's client lists. Both witnesses produced by Wyndham specifically testified that they do not know whether Humphrey possesses this information. (Prosise, Oct. 9, 2009, at 22; Grady, Oct. 9, 2009, attached as **Exhibit 3**, 25-26).

6. The database containing information regarding Wyndam's Owners cannot be accessed without entering a computer password. (Proise, Oct. 9, 2009, at 21). Humphrey never accessed this database, nor did he even have access to this database. (Humphrey, Oct. 9, 2009, at 29-30).

7. Neither Defendant Humphrey nor any other TOA employee has contacted any of the individuals to whom he sold timeshares. (Id at 29, 36.).

8. Not only has TOA not directly contacted any of the approximately 65 individuals to whom Humphrey sold timeshares; it has never initiated contact with any Wyndham Owner. (Humphrey, Oct. 9, 2009, at 31, 36). Every TOA customer initiated the business relationship with TOA after viewing TOA's website. (Id. at 31-32, 36).

9. Wyndham has no knowledge of Humphrey directly soliciting any of its Owners. Wyndham only has knowledge that TOA solicits its clients through the TOA Website. (Proise, Oct. 9, 2009, at 22-23).

The second hearing, on November 4, 2009, clarified the proof regarding Wyndham's' erroneous allegation that the Defendants misappropriated its customer information. Most notably, the proof was that:

10. TOA and Humphrey have never used "company information belonging to Wyndham to contact potential business customers." (Humphrey, Nov. 4, 2009, at 12).

11. All of TOA's customers initiated contact with TOA after viewing TOA's website. (Id. at 12).

The Defendants believe that the third hearing will yield more of the same type of proof. Specifically, they believe the proof will be that:

12. Defendants do not possess any list of Wyndham clients (other than the list of approximately 65 persons to whom Humphrey sold timeshares and have not been contacted).

389797.1/2009967
Case 3:09-cv-00899    Document 56    Filed 11/13/09    Page 3 of 5 PageID #: 315

13. All Wyndham Owners that contacted TOA did so on their own volition, after seeing the TOA website. Neither TOA nor any of the individual Defendants initiated contact with a Wyndham Owner.

14. Defendants have not misappropriated any of Wyndham's trade secrets.

## ARGUMENT

Respectfully, the Court should not continue to enjoin the Defendants from working with and on behalf of Wyndham Owners. The proof at the previous two hearings demonstrates that Defendants do not possess Wyndham's client lists, and certainly are not misappropriating any of their trade secrets. Defendants anticipate that the proof will be no different in this third hearing and, thus, respectfully request that the Court not continue to enjoin them from working contacting or working on behalf of Wyndham's customers so long as Defendants do not misappropriate any of Wyndham's trade secrets.

## CONCLUSION

In conclusion, Defendants respectfully request that the Court not continue the injunction issues during the November 4, 2009, hearing.

Respectfully submitted,

*s/Christopher W. Cardwell*
Christopher W. Cardwell
GULLETT, SANFORD, ROBINSON &
   MARTIN, PLLC
P.O. Box 198888
Nashville, Tennessee 37219
(615) 244-4994
(615) 256-6339
ccardwell@gsrm.com

Attorneys for Defendants David Humphrey, Kurt
   W. Bartlett and Kay Metko

TREVOR W. HOWELL, ESQ.

*s/Trevor W. Howell*
Trevor W. Howell
Regions Center, Eleventh Floor
P.O. Box 198888
Nashville, TN 37219-8888
(615) 244-4994 (Telephone)
(615) 256-6339 (Facsimile)
THowell@gsrm.com

Attorney for TOA, LLC d/b/a The Owners'
   Advocate

## CERTIFICATE OF SERVICE

     I hereby certify that on November 13, 2009, a copy of Defendants' Joint Pre-Hearing Memorandum was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

                                         *s/Christopher W. Cardwell*