IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| WYNDHAM VACATION RESORTS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 09-00899 |
| TOA, LLC d/b/a THE OWNERS' ADVOCATE, DAVID HUMPHREY a/k/a SCOTT DAVIDSON, KURT W. BARTLETT, and KAY METKO, | ) ) ) ) ) ) ) ) | Judge Haynes |
| Defendants. | ) | |

## RESPONSE IN OPPOSITION TO MOTION TO DISMISS OF DEFENDANT KURT W. BARTLETT

Plaintiff, Wyndham Vacation Resorts, Inc. (the "Plaintiff" or "Wyndham"), submits this Response in Opposition to the Motion to Dismiss (the "Motion") filed by Defendant Kurt Bartlett ("Bartlett "). [Docket Entry No. 103].

### I. INTRODUCTION

Wyndham filed its Complaint and Emergency Motion for Temporary Restraining Order on September 28, 2009. A Temporary Restraining Order (the "TRO") was issued by the Court on September 29, 2009. [Docket Entry No. 6]. A hearing was held on October 9, 2009 on Plaintiff's request that the TRO be extended to a preliminary injunction. At the hearing, the Court found that Wyndham was entitled to the Injunction. [Docket Entry No. 16]. Importantly, on October 15, 2009, Defendant Bartlett filed an Answer to the Complaint. [Docket Entry No. 19].

1

The Complaint contains nineteen separate paragraphs of factual allegations in support of Plaintiff's various causes of action against Defendants. [*See* Complaint, ¶¶ 9-28]. In the Complaint, Wyndham asserts a claim against Bartlett for the unauthorized practice of law (the "Bartlett UPL Claim"). The basis for this claim involves a lawsuit filed against Wyndham on or about September 4, 2009. The lawsuit also names a former employee of Wyndham, Melissa Sisneros ("Sisneros") and was filed in the Circuit Court for Sevier County, Tennessee (the "Sevier County Action"). In the Sevier County Action, the plaintiffs, Richard and Ardeth Fischer, seek to terminate a timeshare contract with Wyndham. As alleged in the Complaint, following the filing of the Sevier County Action, Sisneros was contacted by Bartlett, who held himself out as the "Legal Affairs Manager" for TOA. A true and correct copy of the correspondence received by Sisneros from Bartlett (the "Bartlett Correspondence") was attached to the Complaint. In the Bartlett Correspondence, Bartlett tells Sisneros that TOA wants her to "assist" in "speaking against the resort" in the Sevier County Action and that if she does so, TOA "would be willing to speak to the plaintiffs" about having Sisneros "dropped as a defendant." The Complaint alleges that upon information and belief, Bartlett is not licensed to practice law in the State of Tennessee or any other jurisdiction. Since the filing of the Complaint, Wyndham has learned that Bartlett is a student at the Nashville School of Law.

On February 8, 2010, Defendant Bartlett filed the Motion, seeking the dismissal of all seven causes of action asserted against him.

## II.   STANDARD OF REVIEW

Wyndham does not dispute the validity of the principal cases relied upon or the principles stated in those cases cited in Defendant Bartlett's Motion for the applicable standard of review. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). Bartlett, however, takes the same approach as the

Motion to Dismiss filed by his co-defendant David Humphrey in taking the holdings of those cases to the extreme and drawing an erroneous conclusion from those cases that the applicable standard of review requires a plaintiff to affirmatively prove its case at the earliest stages of the litigation. Like Defendant Humphrey's Motion, Defendant Bartlett's Motion is more akin to a motion for summary judgment than it is a Rule 12(b)(6) Motion to Dismiss. As with defendant Humphrey's Motion, there is no support for the proposition in the Motion that Wyndham can survive a motion to dismiss only by affirmatively proving its case at the pleading stage of litigation.

A Rule 12 motion to dismiss for failure to state a claim upon which relief can be granted is a motion that challenges the sufficiency of the pleading on the face of the complaint. *Dann v. Studebaker-Packard Corp.*, 288 F.2d 201, 215 (6th Cir. 1961). Such motions generally are not favored and should be granted sparingly and with caution only where it appears to a certainty that <u>no</u> set of facts could be proven at trial entitling a plaintiff to any relief. *Id.* at 215-16. The purpose of a Rule 12(b)(6) motion to dismiss is to allow the defendant to test whether, *as a matter of law*, plaintiff is entitled to legal relief assuming that everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635 (6th Cir. 1993). The purpose is not, however, to weigh evidence which plaintiff offers or intends to offer. *Citibank, N.A. v. K-H Corp.*, 745 F. Supp. 899 (S.D.N.Y. 1990); *see also Niece v. Sears, Roebuck & Co.*, 293 F. Supp. 792 (N.D. Okla. 1968) (holding the function of a motion to dismiss is to test law of a claim, not the facts which support it).

To the extent the Motion is to be considered under Rule 12(c), a motion to dismiss for failure to state a claim under Rule 12(c) is identical to one filed under Rule 12(b)(6), except that Rule 12(c) allows for the motion to be filed after the filing of an answer, while Rule 12(b)(6)

3

allows for the motion to be made in lieu of an answer. As such, in either instance, the Court is to use the same standard in evaluating the motions. *Turbe v. Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991). Here, because Defendant Bartlett has previously filed an Answer, his Motion should be considered to be one under Rule 12(c).

### III. ARGUMENT

The Motion asks that this Court dismiss the claim against Bartlett contained in the Complaint for unauthorized practice of law. The basis for this request is Defendant Bartlett's assertion that only the Tennessee Attorney General or a party that actually paid a purported "attorney" for services may bring such a claim. This assertion is contrary to the language of the statute and also to Tennessee law where parties other than the Attorney General have asserted claims for the unauthorized practice of law. *See e.g.*, *Flanary v. Carl Gregory Dodge of Johnson City, LLC,* 2008 WL 2434196 (Tenn. Ct. App. 2008) (analyzing unauthorized practice of law claim by Plaintiff). In addition, while the statute provides that the Attorney General may bring such a claim, there is no limitation in the language of the statute that the claim can *only* be brought by the Attorney General.[1] Tellingly, in support of his argument, Defendant Bartlett does not cite to any Tennessee case where a claim for unauthorized practice of law was dismissed on the grounds asserted by Mr. Bartlett.

### IV. CONCLUSION

Wyndham has properly asserted a claim against Defendant Bartlett for the unauthorized practice of law and, as a result, his Motion to Dismiss should be denied.

---

[1] Further, it is the understanding of counsel for Wyndham that Defendant Humphrey and/or his company, Defendant TOA, LLC, are indeed currently the subject of an investigation by the Tennessee Attorney General in this regard. Wyndham is not aware if the investigation includes Defendant Bartlett and that investigation, however, is separate from the damages incurred by Wyndham as a result of unauthorized practice of law by Defendant Bartlett.

Respectfully submitted,

/s/ *Courtney S. Gilmer*
Courtney H. Gilmer (BPR No. 22131)
William A. Lewis (BPR No. 27377)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
Baker Donelson Center
211 Commerce Street, Suite 1000
Nashville, Tennessee 37201
Tel. (615) 726-5747
Fax (615) 744-5747

*Attorneys for Wyndham Vacation Resorts, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of February, 2010, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail, first-class postage prepaid. Parties may access this filing through the Court's electronic filing system.

David Humphrey
5318 Tidwell Hollow Road
Nashville, TN 37218

Kurt W. Bartlett
127 Rural Avenue
Nashville, TN 37209

Kay Metko
879 Dortch Lane
Nolensville, TN 37135

TOA, LLC
5318 Tidwell Hollow Road
Nashville, TN 37218

/s/ *Courtney H. Gilmer*
Courtney H. Gilmer