**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE**

| | | |
|---|---|---|
| **WYNDHAM VACATION** | ) | |
| **RESORTS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 09-00899** |
| | ) | |
| **TOA, LLC d/b/a THE OWNERS'** | ) | **Judge Haynes** |
| **ADVOCATE,** | ) | |
| **DAVID HUMPHREY** | ) | |
| **a/k/a SCOTT DAVIDSON,** | ) | |
| **KURT W. BARTLETT,** | ) | |
| **and KAY METKO,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SHOW CAUSE WHY
DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT**</u>

Plaintiff, Wyndham Vacation Resorts, Inc. (the "Plaintiff" or "Wyndham"), submits this

Memorandum of Law in Support of its Motion to Show Cause Why Defendants Should Not Be

Held in Contempt (the "Motion") and requests that this Court enter an order requiring

Defendants TOA, LLC d/b/a The Owners' Advocate ("TOA") and David Humphrey

("Humphrey"), to show cause why they should not be held in contempt of court for their

noncompliance with the temporary restraining order (the "TRO") issued by this Court on

September 29, 2009, the preliminary injunction (the "Injunction") issued by this Court on

October 13, 2009, and the Order Amending Preliminary Injunction (the "Amended Injunction ")

entered on November 16, 2009. This is the second time Wyndham has been required to seek the

Court's intervention in enforcing the terms of the TRO, Injunction and Amended Injunction. The

continued, blatant violations of this Court's Orders by Defendants Humphrey and TOA should

1

subject Defendants Humphrey and TOA to orders of contempt and significant sanctions. In support of this Motion, Wyndham states as follows:

## I. BACKGROUND

### A. Procedural Background

1.     Wyndham filed its Complaint and Emergency Motion for Temporary Restraining Order on September 28, 2009. A Temporary Restraining Order (the "TRO") was issued by the Court on September 29, 2009. [Docket Entry No. 6]. Each of the Defendants was served with a copy of the TRO along with the Complaint and summons. A hearing was held on October 9, 2009 on Plaintiff's request that the TRO be extended to a preliminary injunction. At the hearing, the Court found that Wyndham was entitled to the Injunction. [Docket Entry No. 16]. Counsel for Defendants was present at the hearing and was served with a copy of the Injunction via the Court's ECF/PACER system.

2.     Both the TRO and Injunction provide that Defendants are enjoined from:

a.     Continuing any misappropriation of trade secrets and confidential information in violation of Tennessee's Uniform Trade Secrets Act and Defendants' contracts with Wyndham;

b.     Using or disclosing any trade secrets, confidential information, or proprietary information of Wyndham;

c.     Continuing to publish false and defamatory statements regarding Wyndham and its business practices via the internet site www.theownersadvocate.com or any other internet site utilized by Defendants; and

d.     Attempting to delete, modify, alter, or otherwise destroy, intentionally, inadvertently or automatically, any potentially relevant information located on any business

2

operated servers, laptops or other computers, cellular phones, handheld devices (i.e., Blackberry or similar), personal computers, or any other devices capable of storing electronic information belonging to any and all of the identified likely custodians or any other person not specifically identified by Wyndham.

3.     On October 28, 2009, Wyndham filed a Motion to Show Cause regarding violations of the TRO and Injunction based on certain correspondence sent by TOA to Wyndham (the "First TOA Correspondence") indicating that TOA had been retained by five individuals with whom Wyndham has a contractual relationship (the "Owners").   In the First TOA Correspondence, TOA stated that it was assisting the Owners with the termination of their contracts with Wyndham.  True and correct copies of the First TOA Correspondence are attached as collective Exhibit A.

4.     Based on the October 28th Motion to Show Cause, the Injunction was amended on November 16, 2009 (the "Amended Injunction"). [Docket Entry No. 63].   Under the Amended Injunction, in addition to the conduct identified in the Injunction, the Defendants were further enjoined from:

a.     any contact or communications with any customers of Wyndham or parties to contracts with Wyndham.  If a customer of Wyndham or party to a contract with Wyndham contacts Defendants, Defendants are required to inform the customer that they are prohibited from speaking with the customer pursuant to a court order and that the customer should contact Wyndham directly.

b.     Defendants were required to remove any references to Wyndham from any website owned, controlled, or affiliated with any Defendant.

N CHG 765268 v1
2903712-000009 03/26/2010

c.      Defendants were enjoined from entering into or continuing any relationships with any customers of Wyndham or parties to contracts with Wyndham.

d.      Defendants were enjoined from communicating with Wyndham directly or indirectly and/or assisting any customers of Wyndham or parties to contracts with Wyndham in preparing correspondence or communications to Wyndham.

e.      Defendants are enjoined from referring any customers of Wyndham or parties to contracts with Wyndham to any other business, whether or not such businesses are owned or associated with Defendants.

f.      Finally, Defendants are enjoined from engaging in the unauthorized practice of law.

5.      Pursuant to the Amended Injunction, if Defendants violate the terms of the Injunction or Amended Injunction, with the exception of engaging in the unauthorized practice of law, for each such violation Defendants will be liable to Wyndham for liquidated damages in the amount of $5,000, plus attorneys' fees.  [*See* Docket Entry No. 63].

**B.      The Ongoing Conduct of TOA and Humphrey**

6.      TOA and Humphrey have continued to engage in incessant conduct in violation of the TRO, Injunction and Amended Injunction.  The conduct of TOA and Humphrey falls into three general categories:  (1) continuing to contact, communicate with, and assist Wyndham Owners; (2) referring Wyndham Owners to other businesses; and (3) continuing to have references to Wyndham on TOA's website.

7.      TOA and Humphrey continue to contact and assist Wyndham Owners in their efforts to terminate their contracts with Wyndham.  Attached to the Declaration of John Monaweck submitted in support of this Motion are 55 letters received by Wyndham since entry

of the Amended Injunction on November 16, 2009.  For purposes of comparison, the First TOA Correspondence attached to the October 28th Motion to Show Cause is attached hereto as <u>Exhibit A</u>.  The only substantive difference between the two sets of correspondence is the removal of the TOA name from the top of the first page of the letters.  Otherwise, the letters are essentially identical – using the same font, language, citations to Black's Law Dictionary and format.  These are not mere similarities; it is evidently some type of form letter prepared by TOA being provided to Owners repeatedly.  It is inconceivable that 55 individuals would all use substantially the same font, language and format in their letters to Wyndham as the letters previously sent directly by TOA.

8.      In addition to continuing to "ghostwrite" letters for Wyndham Owners, TOA and Humphrey are also continuing to work with Wyndham Owners directly and also referring Wyndham Owners to other businesses.

9.      With regard to TOA still continuing its relationships with Wyndham Owners, Defendant Humphrey has been busy posting on the website www.timesharetrap.com/forums regarding the status of TOA's assistance to its clients. Copies of Humphrey's postings are attached hereto as <u>Exhibit B</u>.  On March 3, 2010, Humphrey stated that "all the client cases that had contracted with TOA prior to March 1, 2010 ARE STILL BEING HANDLED!" (emphasis in original).  Humphrey goes onto state that, "Every client who paid is still being assisted…" Thus, Defendant Humphrey's own postings on the Internet are evidence that Humphrey and TOA are still actively assisting Wyndham Owners in direct violation of the terms of the TRO, Injunction and Amended Injunction.

10.      In addition to continuing to work with Wyndham Owners directly, TOA and Humphrey are also referring Wyndham Owners to other businesses – specifically an entity called

N CHG 765268 v1
2903712-000009 03/26/2010

Timeshare Sales Today/IA Vacations.  Wyndham Owners Wayne and Leah Wagner (the "Wagners") provided Wyndham with a copy of their contract with TOA and Timeshare Sales Today/IA Vacations (the "Wagner Contract").  A true and correct copy of the Wagner Contract is attached hereto as Exhibit C.  The Wagners executed the Wagner Contract and paid TOA $3,500 after representatives of TOA had contacted them directly and promised that TOA would contact Wyndham to get the Wagners released from their timeshare contract with Wyndham.  Now, the Wagners are being contacted by Timeshare Sales Today/IA Vacations – an entity they have never heard of.  In addition to TOA's contact with the Wagners being a violation of the Amended Injunction, the apparent referral or transfer of the Wagners to Timeshare Sales Today/IA Vacations is also a clear violation of the Amended Injunction.

11.    Finally, the TOA website (www.theownersadvocate.com) continues to contain references to Wyndham.  For example, as demonstrated in a March 3, 2010 printout from the website attached hereto as Exhibit D, Wyndham is now listed as one of "TOA's Dirty Dozen" and there are other references to Wyndham on the website.

## II.    ARGUMENT

12.    In a proceeding for civil contempt for violating a court order, the party alleging contempt must provide "clear and convincing evidence" of the violation, and the alleged contemnor bears the burden of showing an inability to comply with the order.  *Electrical Workers Pension Trust Fund of Local Union # 58 v. Gary's Elec. Serv. Co.,* 340 F.3d 373, 379 (6th Cir. 2003).

13.    Here, Wyndham has provided clear and convincing evidence of multiple violations of the TRO, Injunction and Amended Injunction by Defendants TOA and Humphrey. As set forth in paragraphs 6 thru 11 above, Defendants TOA and Humphrey are continuing to

N CHG 765268 v1
2903712-000009 03/26/2010

contact, communicate with, and assist Wyndham Owners, are referring Owners to other businesses, and are continuing to maintain references to Wyndham on TOA's website.

14.     Defendants TOA and Humphrey have been served with the TRO, Injunction and Amended Injunction. Despite actual notice of the terms of the TRO, Injunction and Amended Injunction, Defendants TOA and Humphrey continue to engage in conduct in violation of the terms of the TRO, Injunction and Amended Injunction. Wyndham requests that this Court enter an order for Defendants to show cause why they should not be held in contempt for the ongoing violations of the TRO, Injunction and Amended Injunction.

15.     Because this is the second Motion to Show Cause Wyndham has been forced to file as a result of Defendants' ongoing violations of this Court's Orders, Wyndham requests that the Court enforce the provision in the Amended Injunction and find Defendants TOA and Humphrey liable to Wyndham for liquidated damages in the amount of $5,000 for each of the 55 letters they have ghostwritten for Wyndham Owners for a total of $275,000; $5,000 for referring the Wagners to another business, and $5,000 for continuing to have references to Wyndham on the TOA website, for total liquidated damages of $285,000. Further, the Amended Injunction also provides that Wyndham is entitled to recover its attorneys' fees, which for this Motion total $2,800.

### III.     CONCLUSION

For the forgoing reasons, Plaintiff respectfully requests this honorable Court to enter an order for Defendants TOA and David Humphrey to show cause why they should not be held in civil contempt for violation of the TRO, Injunction and Amended Injunction and to find Defendants TOA and David Humphrey liable to Wyndham for $285,000 in liquidated damages and $2,800 in attorneys' fees.

N CHG 765268 v1
2903712-000009 03/26/2010

Respectfully submitted,


/s/ *Courtney S. Gilmer*
Courtney H. Gilmer (BPR No. 22131)
William A. Lewis (BPR No. 27377)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
Baker Donelson Center
211 Commerce Street, Suite 1000
Nashville, Tennessee 37201
Tel.  (615) 726-5747
Fax (615) 744-5747

*Attorneys for Wyndham Vacation Resorts, Inc.*


## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of March, 2010, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail, first-class postage prepaid.  Parties may access this filing through the Court's electronic filing system.

TOA, LLC
5318 Tidwell Hollow Road
Nashville, TN 37218

David Humphrey
5318 Tidwell Hollow Road
Nashville, TN 37218

Kurt W. Bartlett
127 Rural Avenue
Nashville, TN 37209

Kay Metko
879 Dortch Lane
Nolensville, TN 37135


/s/ *Courtney H. Gilmer*
Courtney H. Gilmer

N CHG 765268 v1
2903712-000009 03/26/2010