IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| WYNDHAM VACATION RESORTS, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 09-00899 ) |
| TOA, LLC d/b/a THE OWNERS' ADVOCATE, DAVID HUMPHREY a/k/a SCOTT DAVIDSON, KURT W. BARTLETT, and KAY METKO, | ) Judge Haynes ) ) ) ) ) ) |
| Defendants. | ) |

## RESPONSE IN OPPOSITION TO MOTION TO DISMISS
## OF DEFENDANT KURT W. BARTLETT

Plaintiff, Wyndham Vacation Resorts, Inc. (the "Plaintiff" or "Wyndham"), submits this Response in Opposition to the Motion to Dismiss (the "Motion") filed by Defendant Kurt Bartlett ("Bartlett "). [Docket Entry No. 136][1].

### I.    INTRODUCTION

Wyndham filed its Complaint and Emergency Motion for Temporary Restraining Order on September 28, 2009. A Temporary Restraining Order (the "TRO") was issued by the Court on September 29, 2009. [Docket Entry No. 6]. A hearing was held on October 9, 2009 on Plaintiff's request that the TRO be extended to a preliminary injunction. At the hearing, the

---

[1] Bartlett previously filed a Motion to Dismiss Count III of the Complaint [Docket Entry No. 103], which this Court denied. [Docket Entry No. 133].

N CHG 781097 v1
2903712-000009 07/02/2010

Case 3:09-cv-00899   Document 144   Filed 07/02/10   Page 1 of 5 PageID #: 1364

Court found that Wyndham was entitled to the Injunction. [Docket Entry No. 16]. Importantly, on October 15, 2009, Defendant Bartlett filed an Answer to the Complaint. [Docket Entry No. 19].

The Complaint contains nineteen separate paragraphs of factual allegations in support of Plaintiff's various causes of action against Defendants. [See Complaint, ¶¶ 9-28]. In the Complaint, Wyndham asserts a claim against Bartlett for intentional interference with business relations (the "Bartlett Intentional Interference Claim").

## II. STANDARD OF REVIEW

Wyndham does not dispute the validity of the principal cases relied upon or the principles stated in those cases cited in Defendant Bartlett's Motion for the applicable standard of review. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). Bartlett, however, takes the same approach as his previous Motion to Dismiss in taking the holdings of those cases to the extreme and drawing an erroneous conclusion from those cases that the applicable standard of review requires a plaintiff to affirmatively prove its case at the earliest stages of the litigation.

A Rule 12 motion to dismiss for failure to state a claim upon which relief can be granted is a motion that challenges the sufficiency of the pleading on the face of the complaint. *Dann v. Studebaker-Packard Corp.*, 288 F.2d 201, 215 (6th Cir. 1961). Such motions generally are not favored and should be granted sparingly and with caution only where it appears to a certainty that no set of facts could be proven at trial entitling a plaintiff to any relief. *Id.* at 215-16. The purpose of a Rule 12(b)(6) motion to dismiss is to allow the defendant to test whether, as a matter of law, plaintiff is entitled to legal relief assuming that everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635 (6th Cir. 1993). The purpose is not, however, to weigh evidence which plaintiff offers or intends to offer. *Citibank, N.A. v. K-H Corp.*, 745 F. Supp.

2

N CHG 781097 v1
2903712-000009 07/02/2010
Case 3:09-cv-00899    Document 144    Filed 07/02/10    Page 2 of 5 PageID #: 1365

899 (S.D.N.Y. 1990); *see also Niece v. Sears, Roebuck & Co.*, 293 F. Supp. 792 (N.D. Okla. 1968) (holding the function of a motion to dismiss is to test law of a claim, not the facts which support it).

To the extent the Motion is to be considered under Rule 12(c), a motion to dismiss for failure to state a claim under Rule 12(c) is identical to one filed under Rule 12(b)(6), except that Rule 12(c) allows for the motion to be filed after the filing of an answer, while Rule 12(b)(6) allows for the motion to be made in lieu of an answer. As such, in either instance, the Court is to use the same standard in evaluating the motions. *Turbe v. Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991). Here, because Defendant Bartlett has previously filed an Answer, his Motion should be considered to be one under Rule 12(c).

### III. ARGUMENT

Defendant Bartlett's assertion that Count IV of the Complaint should be dismissed because the interference with business relations alleged by Wyndham only involved contractual relationships is without merit.[2] Bartlett's Motion completely overlooks the actual allegations contained in the Complaint where Wyndham specifically pled interference with existing contractual relationships [Complaint, ¶ 65] and also interference with valid business expectancies with third parties [Complaint, ¶ 65][3]. As a result, Wyndham's Complaint specifically alleges that Defendants' conduct constitutes intentional interference with both existing contracts and with business expectancies. [Complaint, ¶¶ 67, 68].

---

[2] Defendant David Humphrey previously filed a Motion seeking dismissal of Wyndham's claim for intentional interference with business relations, which this Court denied. [Docket Entry No. 132].

[3] Due to a typographical error in the Complaint there are two paragraphs numbered 65 on page 13 of the Complaint.

3

N CHG 781097 v1
2903712-000009 07/02/2010
Case 3:09-cv-00899   Document 144   Filed 07/02/10   Page 3 of 5 PageID #: 1366

Defendant Bartlett's Motion implies that a plaintiff cannot plead claims for both interference with existing contract and business expectancies. None of the cases cited by Bartlett, however, make such a finding and are merely recitations of applicable law regarding such claims, thus more appropriate for consideration in the context of a Motion for Summary Judgment, not a Motion to Dismiss such as the one before the Court. Wyndham's Complaint alleges interference by Defendants with both contractual relationships and business expectancies. The conduct outlined by Wyndham in the factual section of the Complaint addresses both claims and, as a result, the Complaint does state a claim for interference with business relations and Bartlett's Motion should be denied.

## IV. CONCLUSION

Wyndham has properly asserted a claim against Defendant Bartlett for intentional interference with business relations and, as a result, his Motion to Dismiss should be denied.

Respectfully submitted,

/s/ *Courtney S. Gilmer*
Courtney H. Gilmer (BPR No. 22131)
William A. Lewis (BPR No. 27377)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
Baker Donelson Center
211 Commerce Street, Suite 1000
Nashville, Tennessee 37201
Tel. (615) 726-5747
Fax (615) 744-5747

Attorneys for Wyndham Vacation Resorts, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of July, 2010, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail, first-class postage prepaid. Parties may access this filing through the Court's electronic filing system.

David Humphrey
5318 Tidwell Hollow Road
Nashville, TN 37218

Kurt W. Bartlett
127 Rural Avenue
Nashville, TN 37209

Kay Metko
879 Dortch Lane
Nolensville, TN 37135

TOA, LLC
5318 Tidwell Hollow Road
Nashville, TN 37218

/s/ Courtney H. Gilmer
Courtney H. Gilmer