IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WYNDHAM VACATION RESORTS, INC., ) ) ) Plaintiff, ) ) v. ) ) TOA, LLC d/b/a THE OWNERS' ) ADVOCATE, DAVID HUMPHREY ) a/k/a SCOTT DAVIDSON, ) KURT W. BARTLETT and ) KAY METKO, ) ) Defendants. ) | No. 3:09-cv-0899<br>Chief Judge Haynes |

**MEMORANDUM**

Plaintiff, Wyndham Vacation Resorts, Inc., filed this action under 28 U.S.C. § 1332, the federal diversity statute, against the Defendants: TOA, LLC doing business as The Owners' Advocate, David Humphrey also known as Scott Davidson, Kurt W. Bartlett, and Kay Metko. With the filing of its complaint, Plaintiff also filed an emergency application for a temporary restraining order ("TRO") based upon Defendants' theft of Plaintiff's trade secrets, including its customer lists, as well as Defendants continuing contacts with Plaintiff's customers advocating breaches of their contracts with Plaintiff. On September 29, 2009, the Court granted Plaintiff's application, enjoining the Defendants from utilizing Plaintiff's confidential information to defame Plaintiff and from contacting and interfering with Plaintiff's customers, as well as barring destruction of any evidence of Defendant's unlawful conduct. (Docket Entry No. 6).

On October 9, 2009, the Court held a hearing on Plaintiff's motion for a preliminary

1

injunction at which Defendants were represented by counsel. After that hearing, the Court found preliminary injunctive relief necessary and enjoined the Defendants from: (1) continuing any misappropriation of trade secrets and confidential information in violation of Tennessee's Trade Secrets Act and Defendants' contracts with Wyndham; (2) using or disclosing any trade secrets, confidential information, or proprietary information of Wyndham; (3) continuing to publish false and defamatory statements about Wyndham and its business practices through the Defendants' internet site, www.theownersadvocate.com, or any other internet site utilized by Defendants; and (4) attempting to delete, modify, alter, or otherwise destroy, intentionally, inadvertently or automatically, any potentially relevant information located on any business operated servers, laptops or other computers, cellular phones, handheld devices (i.e., Blackberry or smiliar), personal computers, or any other devices capable of storing electronic information belonging to any and all of the identified likely custodians or any other person not specifically identified by Wyndham.

On October 28, 2009, Plaintiff filed a motion to show cause for the Defendants' violations of the TRO and Preliminary Injunction Order, citing correspondence from TOA to Plaintiff's continuing customers that TOA had been retained by five individuals with whom Plaintiff had a contractual relationship to assist those individuals with the termination of their contract with Plaintiff. After a hearing on the Plaintiff's motion, the Court amended its injunction order to reflect these changes:

> (1) If a customer of the Plaintiff or a party to a contract with Plaintiff contacted Defendants, Defendants were ordered to inform the customer that the Court prohibited the Defendants from speaking with the customer and to direct the customer to contact Plaintiff directly;
>
> (2) Defendants were required to removed any references to Plaintiff from any website owned, controlled, or affiliated with any Defendant, and prohibited Defendants from

entering into or continuing relationships with any customers of Plaintiff or parties who had contracts with Plaintiff;

(3) Defendants were barred from assisting any customers of Plaintiff or parties to contracts with Plaintiff or preparing correspondence or communications to Plaintiff's customers;

(4) Defendants were ordered not to refer any customers of Plaintiff or parties to contracts with Plaintiff to any other business, regardless of whether the business was owned or associated with Defendants; and

(5) Defendants were enjoined from engaging in the unauthorized practice of law;

(6) If Defendants continued to violate the original and amended injunctions, for each such violation, the Defendants would be liable to Plaintiff for liquidated damages in the amount of $5,000, plus attorneys' fees.

(Docket Entry No. 63).

Plaintiff filed a second motion to show cause and the Court set another hearing based on Plaintiff's proof that Defendants TOA and Humphrey continued to engage in conduct in violation of the TRO, Injunction Order and the Amended Injunction by continuing to contact, communicate with, and assist Plaintiff's customers; (1) by referring Plaintiff's customers to other businesses; and (3) continuing to refer to Plaintiff on TOA's website. On October 12, 2010, the Court awarded liquidated damages of two hundred ninety thousand dollars ($290,000) against the Defendants TOA and Humphrey for which they were jointly and severally liable. The Court also enjoined Humphrey from any further representation of TOA in this action.

Thereafter, the Court permanently enjoined the Defendants from:

(1) Continuing any misappropriation of trade secrets and confidential information in violation of Tennessee's Uniform Trade Secrets Act and Defendants' contracts with Wyndham;

(2) Using or disclosing any trade secrets, confidential information, or proprietary information of Wyndham;

(3) Continuing to publish fake and defamatory statements regarding Wyndham and its business practices via the internet site www.theownersadvocate.com or any other internet site utilized by Defendants;

(4) Any contract or communications with any customers of Wyndham or parties to contracts with Wyndham. If a customer of Wyndham or party to a contract with Wyndham contacts Defendants, Defendants will inform the customer that they are prohibited from speaking with the customer pursuant to a court order and that the customer should contact Wyndham directly.

(5) Having any references to Wyndham from any website owned, controlled, or affiliated with any Defendant;

(6) Entering into or continuing any relationships with any customers of Wyndham or parties to contracts with Wyndham;

(7) Communicating with Wyndham directly or indirectly and/or assisting any customers of Wyndham or parties to contracts with Wyndham in preparing correspondence or communications to Wyndham;

(8) Referring any customers of Wyndham or parties to contracts with Wyndham to any other business, whether or not such businesses are owned or associated with Defendants; and

(9) Engaging in the unauthorized practice of law.

(Docket Entry No. 183-1).

Before the Court is Plaintiff's motion to show cause why Defendant Humphrey should not be held in contempt (Docket Entry No. 193). Plaintiff's allege that Humphrey has violated the terms of the permanent injunction by engaging in conduct that assists Wyndham customers and continued to reference Wyndham on www.timeshare-answers.com, a website affiliated with Humphrey. Plaintiff contends that www.timeshare-answers.com contains references to Wyndham and is substantially similar to Humphrey's prior website, www.theownersadvocate.com. Plaintiffs seek $10,000 in civil contempt penalties against Humphrey for the alleged violations as well as attorneys' fees related to the violations. On May 30, 2012, the Court ordered Defendant Humphrey to respond

4

to the motion within ten (10) days. (Docket Entry No. 195). Humphrey has failed to respond to Plaintiff's motion and all mail sent to Humphrey has been returned as undeliverable. Plaintiff filed the exhibits including website pages and the deposition of Serge Romanyszyn, the managing member of Intergrity Marketing Solutions, the owner of the website, www.timeshare-answers.com, in support of the motion.

In Roslies-Perez v. Superior Forestry Service, Inc., 652 F. Supp. 2d 887 (M.D. Tenn. 2009), this Court cited the standards for civil contempt:

> The inherent powers of federal courts are those which are necessary to the exercise of all others. The most prominent of these is the contempt sanction, which a judge must have and exercise in protecting the due and orderly administration of justice and in maintaining the authority and dignity of the court....
>
> While the contempt power should not be used lightly, it is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed.
>
> [A]ll orders and judgments of courts must be complied with promptly, . . . and failure to comply can result in contempt findings.
>
> In a civil contempt proceeding, the petitioner must prove by clear and convincing evidence that the respondent violated the court's prior order. Any ambiguities in the order must be resolved in favor of the alleged contemnor. The order must be read in light of the issues and the purpose for which the suit was brought, . . . and evidence of noncompliance must constitute a plain violation of the decree so read.
>
> Good faith is not a defense to civil contempt. Upon proof of a violation, the respondent may defend with a showing of impossibility. The test is whether " 'the [respondents] took all reasonable steps within their power to comply with the court's order. Substantial compliance is not a defense to a contempt motion. . . . [T]he defendants [must take] all reasonable steps within their power to comply with the court's order.

Id. at 896-97 (internal quotations and citations omitted).

Here, Plaintiff took the deposition of Serge Romanyszyn in support of its motion to show cause why Defendant Humphrey should not be held in contempt. Romanyszyn is a managing

5

member of Integrity Marketing Solutions, LLC, the owner of the website, www.timeshare-answers.com. (Docket Entry No. 194-2 at p 10). Romanyszyn testified that Integrity had been doing business with DNRK, LLC and that Defendant Humphrey had held himself out as a representative of DNRK. Id. at p 11. Integrity had a business relationship with Humphrey and DNRK to provide the website, www.timeshare-answers.com. Id. at p 12-13. Plaintiff also submits a copy of the page of the website, www.timeshare-answers.com, that reflects a customer review: "Alleluia and thanks be to God!!! When we received the guidance from your company is when Wyndham knew we weren't going to accept what happened to us." (Docket Entry No. 194-1 at 3).

Here, the evidence reflects that Defendant Humphrey has violated the terms of the permanent injunction. Additionally, Humphrey has not submitted any good faith defense to his breaching of the terms of the permanent injunction. The Court concludes that Defendant Humphrey should be held in contempt of court and fined liquidated damages of thirteen thousand four hundred ninety-one dollars and sixty-six cents ($13,491.66).

An appropriate Order is filed herewith.

**ENTERED** this the 11th day of January, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court